UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> KENYATTA BERNARD STEPPES, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No.: 2:14-cr-00100-GMN-GWF <br><br> **ORDER** |

Pending before the Court is Defendant Kenyatta Bernard Steppes's ("Defendant's") Motion for Compassionate Release, (ECF No. 59). The Government filed a Response, (ECF No. 62), and Defendant filed a Reply, (ECF No. 66). For the reasons discussed below, the Court **DENIES** Defendant's Motion.

I.    **BACKGROUND**

On January 8, 2010, Defendant was sentenced to 70-months custody followed by 36-months supervised release after being convicted on five counts of bank robbery in violation of 18 U.S.C. § 2113(a). (*See* Information, Mins. Proceedings, and Am. J., *United States v. Steppes*, No. 2:09-cr-00045-LDG-GWF, ECF Nos. 31, 42, 46). While on supervised release, Defendant attempted to rob several financial institutions and successfully robbed a Wells Fargo Bank. (*See* Compl., Indictment, and Mins. Proceedings, ECF Nos 1, 5, 22). He pleaded guilty to one count of credit union robbery, two counts of attempted bank robbery, and one count of bank robbery. (*See id.*). After an appeal to the Ninth Circuit, Defendant ultimately received a sentence of 151-months custody followed by 36-months supervised release. (Am. J., ECF No. 57). The Bureau of Prisons' ("BOP's") website projects August 20, 2026 as Defendant's release date. *See* Federal Bureau of Prisons, "Find an Inmate," https://www.bop.gov/inmateloc/.

Defendant petitions this Court for compassionate release, arguing that the COVID-19 pandemic's spread through the BOP, in combination with Defendant's underlying health conditions comprising vulnerability from a past splenectomy, peripheral neuropathy, Type 2 diabetes, hypertension, hyperlipidemia, high blood pressure, and an enlarged prostate, present "extraordinary and compelling reasons" for his release from custody. (Mot. Compassionate Release ("MCR") 1:16–2:5, ECF No. 59).  Defendant seeks a reduction of his sentence to time served or, in the alternative, a modification of the Judgment to allow him to serve the remainder of his custodial sentence in home confinement. (*Id.*).

## II.     LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). Generally, to be eligible for compassionate release, a defendant must demonstrate: (1) he has exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in his sentence, and (3) he is not "a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.  The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.*  The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-CR-00257-CAS-3, 2020 U.S. Dist. LEXIS 65373, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

//

### III. **DISCUSSION**

The parties dispute whether Defendant has met any of the requirements for compassionate release. Defendant contends that he has exhausted his administrative remedies by waiting 30 days to file this Motion after submitting his request for modification to the warden of FCI Edgefield. (*See* MCR 4:1–22). Alternatively, he argues that the exhaustion requirement is not jurisdictional and should be waived because of the health risks to Defendant. (*Id.* 5:1–6:12). He argues that his underlying health conditions in combination with the spread of COVID-19 through the BOP provide extraordinary and compelling reasons for his release. (*Id.* 6:13–19:28). Defendant concludes by arguing that he has served a sufficient portion of his sentence "to accomplish the goals of sentencing." (*Id.* 20:1–21:12).

The Government argues that the Court does not have jurisdiction to hear Defendant's Motion because Defendant has not shown that he exhausted his administrative remedies. (Resp. 8:5–12:3). The Government explains there is no record of Defendant requesting a sentencing modification from the warden. (*Id.*). If this Court has jurisdiction, the Government argues that COVID-19 does not provide an extraordinary and compelling reason for Defendant's release because BOP's policies are effectively managing the spread of the virus and Defendant is not at high risk for COVID-related illness. (*Id.* 12:4–15:14, 18:17–19:14). Finally, the Government argues that even if Defendant is otherwise eligible for compassionate release, the Court should not grant his Motion because he remains a danger to public safety. (*Id.* 19:15–20:12).

Courts within the District have unanimously held that the exhaustion requirement is mandatory and jurisdictional, and this Court finds their reasoning persuasive. *United States v. Rojas-Guzman*, No. 3:10-cr-00109-RCJ-WGC, 2020 U.S. Dist. LEXIS 82101, 2020 WL 2323061, at *1 (D. Nev. May 11, 2020); *United States v. Cooper*, No. 2:14-cr-00228-JAD-CWH, 2020 U.S. Dist. LEXIS 74903, 2020 WL 2064066, at *2–*3 (D. Nev. Apr. 29, 2020); *United States v. Cardenas*, No. 2:11-cr-00414-APG-CWH, 2020 U.S. Dist. LEXIS 74909, at

\*1–\*3 (D. Nev. Apr. 29, 2020); *United States v. Mogavero*, No. 2:15-cr-00074-JAD-NJK, 2020 U.S. Dist. LEXIS 64623, 2020 WL 1853754, at \*2 (D. Nev. Apr. 13, 2020).  Defendant has not met his burden to show that he submitted a request for modification to the warden; he concedes there is no record of the request and does not provide a supporting affidavit for his claim. (*See* Reply 2:18–3:5); *see also United States v. Zermeno*, 66 F.3d 1058, 1062 (9th Cir. 1995) ("The government's assertions in its pleadings are not evidence.*"*); *S. Pac. Co. v. Conway*, 115 F.2d 746, 750 (9th Cir. 1940) ("[T]he office of a pleading is to state ultimate facts and not evidence of such facts.").  Assuming, *arguendo*, that the Court could consider Defendant's Motion, Defendant's Motion should be denied because he is a danger to the community.

Defendant fails to articulate a clear reason why he is not a danger to the community.  Rather, he asserts that he has served a sufficient period of his sentence and has behaved well while in custody. (MCR 20:1–21:12); (Reply 12:18–13:10).  The Court finds Defendant's argument lacking.

Defendant is presently incarcerated for robbing or attempting to rob multiple financial institutions. (Indictment and Am. J., ECF Nos. 5, 57).  Defendant committed the crimes while on supervised release following his incarceration for robbing multiple banks in 2008. (*See* Information, No. 2:09-cr-00045-LDG-GWF, ECF No. 31); (Order on 12C, No. 2:09-cr-00045-LDG-GWF, ECF No. 48); (Indictment, ECF No. 5).  Not only has Defendant repeatedly shown his penchant for bank robbery, but he committed his most recent robberies *just two weeks* into his supervised release for his previous robberies. (*See id.*) (noting that Defendant's supervision began on February 21, 2014 and he committed his most recent crimes on March 8, 2014).

Bank robbery is a violent crime. *See* U.S.S.G. Section 4B1.2, cmt., n.1; *see also United States v. Newsome*, 221 Fed. Appx. 627, 628–629 (9th Cir. 2007) (explaining that convictions under 18 U.S.C. § 2113(a) are categorically crimes of violence); *United States v. Selfa,* 918 F.2d 749, 751 (9th Cir. 1990) (allowing bank robbery to serve as a predicate offense for

application of Career Offender guideline).  Additionally, Defendant allegedly endangered law enforcement officers who tried to apprehend him after his most recent robbery by driving erratically through stop lights and stop signs to evade them. (Presentence Investigation Rep. ¶ 8).  Given Defendant's recurring pattern of violent criminal behavior, the Court believes that he presents a danger to the public if released or sentenced to home confinement.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 59), is **DENIED**.

**DATED** this __15__ day of July, 2020.

_____
Gloria M. Navarro, District Judge
United States District Judge